FILED



APR 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: NEIL MARTIN ROSE, | No. 08-60034 |
| Debtor. | BAP No. WW-07-1395-JuKuK |
| NEIL MARTIN ROSE, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| RICHARD M. RUGGERIO; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Kurtz, and Klein, Bankruptcy Judges, Presiding

Submitted April 5, 2010[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Neil Martin Rose, a Chapter 7 debtor, appeals pro se from the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order granting summary judgment, removing a lis pendens recorded by Rose against property sold by the bankruptcy trustee, and enjoining Rose from filing other documents clouding title to the property without prior court approval. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the BAP's decision, *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 783 (9th Cir. 2007), and we affirm.

The bankruptcy court properly canceled the invalid lis pendens. *See* Wash. Rev. Code § 4.28.325 (providing that a court may cancel a lis pendens upon a showing of good cause).

The bankruptcy court properly enjoined Rose from filing documents clouding title to the property without prior court approval. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-62 (9th Cir. 2007) (affirming pre-filing review orders where litigant received notice and an opportunity to be heard, there was an adequate record on appeal for review, the court found the litigant's actions frivolous and harassing, and the order was narrowly tailored).

We reject Rose's contention that the bankruptcy court lacked jurisdiction because his allegations, even if true, do not affect jurisdiction.

Rose's remaining contentions are unpersuasive.

The Chapter 7 trustee's motion to be dismissed as a party to this appeal is denied.

**AFFIRMED.**